

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:        Opinion No. O-196
                 Re:  A hotel may operate several
                      cigarette counters under one
                      cigarette permit

        We received your letter of September 27,
1939, in which you request our opinion on the fol-
lowing question:

        "Whether or not a hotel operating
        a cigar stand in the lobby, a coffee
        shop in a separate room adjacent to the
        lobby, and a barber shop in the base-
        ment, should be required to have a cig-
        arette permit for each place where cig-
        arettes are sold or kept for the purpose
        of sale."

        We also acknowledge receipt of a copy of
an opinion written by John J. McKay on April 3, 1937,
together with a copy of an opinion dated March 1,
1938, by William M. Brown.

        After careful study of the opinion written
by Mr. McKay, we reached the same conclusion that he
did; namely, that it would be an unreasonable appli-
cation of Article 7047c-1 to require the proprietor
of an establishment situated at one physical location
to obtain more than one cigarette permit for use by
him in that particular place of business.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

The opinion by Mr. Brown is not directly in point, since it concerns certain phases of the Chain Store Tax Law, and not Article 7047c-1. In this opinion Mr. Brown advised you that the tax should be computed on the basis of a three-store unit; however, an examination of our files reveals that he subsequently wrote you in a letter dated April 2, 1938, that he had reconsidered his opinion of March 1, 1938, and concluded that if all the places where cigarettes are sold are located in the same building under one roof, operated and controlled by the same management, they are to be considered as a single store for the purpose of computing the chain store tax levied by Chapter 400, Acts of the 44th Legislature, First Called Session.

Subdivision (d) of Article 7047c-1, Revised Civil Statutes of Texas, reads as follows:

"'Place of Business' is construed to mean and include any place where cigarettes are sold or where cigarettes are stored or kept for the purpose of sale or consumption; or if sold from any vehicle, train, or cigarette vending machine, the vehicle, train, or cigarette vending machine on which or from which such cigarettes are sold shall constitute a place of business."

Section 4 of Article 7047c-1, Revised Civil Statutes, reads in part as follows:

"Every distributor, wholesale dealer and retail dealer in this State now engaged or who desires to become engaged, in the sale or use of cigarettes upon which a tax is required to be paid, shall, within thirty (30) days from the date this law becomes effective, file with the Comptroller an application for a cigarette permit as a distributor, wholesale dealer or retail dealer, as the case may be, said application to be accompanied by a fee of Twenty-

five ($25.00) Dollars if for a distributor's
permit, or a fee of Fifteen ($15.00) Dol-
lars if for a wholesale dealer's permit,
or a fee of Five ($5.00) Dollars if for a
retail dealer's permit.

".  .  .

"Upon receipt of the application and
fee herein provided for, the Comptroller
shall issue to every distributor, wholesale
dealer or retail dealer for the place of
business designated, a non-assignable con-
secutively numbered permit, designating
the kind of permit and authorizing the sale
of cigarettes in this State."

The meaning of the phrase "place of business"
has been defined by the Legislature, and we are bound
by the statutory definition. It is applied to any
locality, limited by boundaries, however large or how-
ever small. The extent of the locality designated by
it must, generally, be determined by the connection
in which it is used. Bouvier's Law Dictionary, page
2595.

In reading Section 4 of Article 7047e-1
quoted above, we find that the permit is applied for
by the dealer, and issued to the "dealer for the
place of business designated." The place of business
in this instance would be the hotel, and in its specif-
ic sense, to license or grant a permit to the operator
thereof means to confer on that person the right to do
something in his establishment which otherwise he would
not have the right to do. 17 R. C. L. 474.

In our opinion your question should be
answered in the negative.

Yours very truly

APPROVED DEC 18, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By *Hirschie Johnson*

Hirschie Johnson
Assistant

HJ:LW

O.K.
*GRX*

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN